UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAVANNA OCHOA,<br><br>          Plaintiff,<br><br>     v.<br><br>HERBERT P. SEARS CO., INC.<br><br>          Defendant. | Case No. 1:22-cv-01306-JLT-CDB<br><br>**SCHEDULING ORDER** (Fed. R. Civ. P. 16)<br><br>Discovery Deadlines:<br>  Non-Expert: December 22, 2023<br>  Expert: March 11, 2024<br>  Mid-Discovery Status Conf.: November 7, 2023<br><br>Non-Dispositive Motion Deadlines:<br>  Filing:   March 28, 2024<br>  Hearing:  May 7, 2024, 10:00 a.m.<br><br>Dispositive Motion Deadlines:<br>  Filing:   May 17, 2024<br>  Hearing:  July 2, 2024, 8:30 a.m.<br><br>Pre-Trial Conference: September 3, 2024, 1:30 p.m.<br>         2500 Tulare Street, Fresno, CA<br><br>Trial:  November 5, 2024, 8:30 a.m.<br>         2500 Tulare Street, Fresno, CA<br>         Jury trial: 1-3 days |

Plaintiff Savanna Ochoa ("Plaintiff") initiated this action on October 13, 2022 against Defendant Herbert P. Sears Co., Inc. ("Defendant"). Plaintiff claims Defendant violated the fair debt

1

collection practices act, 15 U.S.C. § 1692 et seq, and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. §§ 1788, et seq. The parties convened before the Court via Zoom for a scheduling conference on May 9, 2023.  Angely Gaviola appeared on behalf of Plaintiff and Brian Wittemore appeared on behalf of Defendant.

## I.      Fictitiously-Named Defendants

All claims as to "Doe" Defendants, including any counterclaims and cross-claims, are hereby **Dismissed**.

## II.     Discovery Plan and Cut-Off Date

The parties are ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **May 27, 2023**.

The parties are ordered to complete all discovery pertaining to non-experts on or before **December 22, 2023**, and all discovery pertaining to experts on or before **March 11, 2024**.

The parties are directed to disclose all expert witnesses, in writing, on or before **January 29, 2024**, and to disclose all rebuttal experts on or before **February 12, 2024**.  The written designation of retained and non-retained experts shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply may result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

A mid-discovery status conference is scheduled for **November 7, 2023**, at 9:00 a.m. before Magistrate Judge Christopher D. Baker.  Counsel SHALL file a joint mid-discovery status conference report no later than **one week before the conference**.  Counsel also SHALL lodge the status report via e-mail to CDBorders@caed.uscourts.gov.  The joint report SHALL outline the discovery counsel have

completed and that which needs to be completed as well as any impediments to completing the discovery within the deadlines set forth in this order. Counsel SHALL discuss settlement and certify in the joint status report (1) that they have met/conferred regarding settlement, and (2) proposed dates for convening a settlement conference with Magistrate Judge Baker (or an unassigned magistrate in the event the parties later consent to magistrate judge jurisdiction).

### III.   Pre-Trial Motion Schedule

All non-dispositive pre-trial motions, including any discovery motions, shall be filed no later than **March 28, 2024**,[1] and heard on or before **May 7, 2024**. The Court hears non-dispositive motions at 10:30 a.m. at the United States District Courthouse in Bakersfield, California.

No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend. Likewise, no written discovery motions shall be filed without the prior approval of the Court. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party promptly shall seek a hearing with all involved parties and Magistrate Judge Baker. To schedule this hearing, the parties are ordered to contact the Courtroom Deputy Clerk, Susan Hall, at (661) 326-6620 or via email at SHall@caed.uscourts.gov. At least three days before the conference, counsel SHALL file informal letter briefs detailing their positions. The briefs may not exceed 7 pages, excluding exhibits. Counsel must comply with Local Rule 251 with respect to discovery disputes.

All dispositive pre-trial motions shall be filed no later than **May 17, 2024,** and heard on or before **July 2, 2024 at 8:30 a.m.** In scheduling such motions, absent consent to Magistrate Judge jurisdiction, counsel SHALL consult the assigned District Judge's general information and calendar accordingly, and SHALL comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260.

---

[1] Non-dispositive motions related to non-expert discovery SHALL be filed within a reasonable time of discovery of the dispute, but in no event later than 10 days after the expiration of the non-expert discovery deadline.

IV.     **Motions for Summary Judgment or Summary Adjudication**

At least 21 days before filing a motion for summary judgment or motion for summary adjudication, the parties SHALL meet, in person or by telephone, to confer about the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a motion; and 6) to develop a joint statement of undisputed facts.

The moving party SHALL initiate the meeting and SHALL provide a complete, proposed statement of undisputed facts **at least five days before** the conference. The finalized joint statement of undisputed facts SHALL include all facts that the parties agree, for purposes of the motion, may be deemed true. In addition to the requirements of Local Rule 260, the moving party shall file the joint statement of undisputed facts.

In the notice of motion, the moving party SHALL certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer. Failure to comply may result in the motion being stricken.

VI.     **Pre-Trial Conference**

**September 3, 2024**, at 1:30 p.m., located at the United States District Courthouse, 2500 Tulare Street, in Fresno, California, before District Judge Jennifer L. Thurston.

The parties are ordered to file a Joint Pretrial Statement pursuant to Local Rule 281(a)(2). The parties are further directed to submit a digital copy of their pretrial statement in Word format, directly to District Judge Thurston's chambers, by email at JLTorders@caed.uscourts.gov.

Counsels' attention is directed to Rules 281 and 282 of the Local Rules for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules. In addition to the matters set forth in the Local Rules, the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

**VII.   Trial Date**

**November 5, 2024**, at 8:30 a.m., located at the United States District Courthouse, 2500 Tulare Street, in Fresno, California, before District Judge Jennifer L. Thurston.

   A.   This is a jury trial.

   B.   Counsels' Estimate of Trial Time: 1-3 days.

   C.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

**VIII.   Settlement Conference**

The parties SHALL meet and confer and notify the Court prior to the Pre-Trial Conference whether they wish to convene a Settlement Conference.  In the event the parties request a Settlement Conference, unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the settlement conference **with the parties** and the person or persons having full authority to negotiate and settle the case on any terms[2] at the conference.  Consideration of settlement is a serious matter that requires preparation prior to the settlement conference.  Set forth below are the procedures the Court will employ, absent good cause, in conducting the conference.

At least twenty-one days before the settlement conference, Plaintiff SHALL submit to Defendant via fax or e-mail, a written itemization of damages and a meaningful[3] settlement demand which includes a brief explanation of why such a settlement is appropriate.  Thereafter, no later than fourteen days before the settlement conference, Defendant SHALL respond, via fax or e-mail, with an acceptance of the offer or with a meaningful counteroffer which includes a brief explanation of why such a settlement is appropriate.

---

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible, the representative shall have authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

[3] "Meaningful" means the offer is reasonably calculated to settle the case on terms acceptable to the offering party.  "Meaningful" does not include an offer which the offering party knows will not be acceptable to the other party.  If, however, the offering party is only willing to offer a settlement which it knows the other party will not accept, this should trigger a recognition the case is not in a settlement posture and the parties should confer about continuing or vacating the settlement conference via stipulation.

If settlement is not achieved, each party SHALL attach copies of their settlement offers to their Confidential Settlement Conference Statement, as described below.  Copies of these documents shall not be filed on the court docket.

CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

At least five court days prior to the settlement conference, the parties shall submit, directly to Magistrate Judge Baker's chambers by e-mail to CDBOrders@caed.uscourts.gov, a Confidential Settlement Conference Statement.  The statement should not be filed with the Clerk of the Court nor served on any other party, although the parties may file a Notice of Lodging of Settlement Conference Statement.  Each statement shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The Confidential Settlement Conference Statement shall include the following:

A. A brief statement of the facts of the case.

B. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

C. A summary of the proceedings to date.

D. An estimate of the cost and time to be expended for further discovery, pretrial and trial.

E. The relief sought.

F. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

**IX.  Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Not applicable at this time.

**X.  Related Matters Pending**

There are no pending related matters.

### XI. Compliance with Federal Procedure

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California, and to keep abreast of any amendments thereto. The Court requires compliance with these Rules to efficiently handle its increasing case load.

### XII. Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The Parties may file a stipulation within 7 days of this order to propose modest adjustments to the aforementioned dates, after which the dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations seeking extensions to the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

IT IS SO ORDERED.

Dated:     **May 11, 2023**                                     _____
                                                                                  UNITED STATES MAGISTRATE JUDGE